IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DIANNE COLEMAN,                )
                               )
            Plaintiff,         )
                               )
    v.                         )    No. 09 C 6700
                               )
CITY OF CHICAGO, et al.,       )
                               )
            Defendants.        )

## MEMORANDUM ORDER

At this morning's previously scheduled status hearing in this 42 U.S.C. §1983 action that had been removed from the Circuit Court of Cook County to this District Court last fall, defense counsel failed to appear. When this Court's minute clerk sought to reach counsel by telephone in an effort to obviate the need for plaintiff's counsel to come to court a second time, she was told that defense counsel was "not available." That and other problematic aspects of defense counsel's representation are dealt with in this memorandum order.

To begin with, defendants are ordered to pay the fees of plaintiff's counsel for having to travel to court twice rather than once (during this morning's aborted status hearing this Court set 9 a.m. May 19 as the new date for the hearing that should have been held today). It is hoped that counsel for the parties should be able to arrive at an agreement as to the amount of those fees to avoid the fees-on-fees problem.

Next, this Court learned from plaintiff's counsel that

defense counsel (who had earlier filed an Answer for the City of Chicago when the two police officer defendants had not yet been served) had filed Answers for the two officers back on April 14--but had done so without complying with the express requirement of LR 5.2(f) that a paper copy of all electronic filings be delivered to this Court's chambers.  That requirement has been reemphasized in the opening paragraph of this Court's website, which has stated the reasons that such noncompliance should carry a price with it.  Accordingly defense counsel is ordered to pay $100 to the Clerk of Court for such noncompliance, <u>without</u> seeking or obtaining reimbursement from City or the officer defendants.

There is another problem with the April 14 filings, which this Court's minute clerk has had to print out for this Court's review.  Where as here the same counsel represent more than one defendant (in this instance the two police officers) in a multidefendant action, both convenience and courtesy (as well as common sense) call for the filing of a single responsive pleading rather than separate answers.  In addition to being more friendly environmentally, such a combined response enables the reader (whether opposing counsel or the court) to determine in which respects the defendants share common cause or where they may part company, without the need to flip back and forth between two or

more pleadings for that purpose.[1]  Here this Court's review has confirmed that the two officers' Answers are mirror images of each other, so that everyone's interests would have been better served by such a single joint response.

So much for defense counsel's shortcomings.  But a few words should be added about certain filings on the other side of the "v." sign.  In that respect plaintiff's counsel has impermissibly filed replies to the two officers' affirmative defenses, in violation of Fed. R. Civ. P. 7(a).  Hence those replies are stricken from the file.

_____
Milton I. Shadur
Senior United States District Judge

Date:  May 12, 2010

---

[1] That of course is the same type of consideration that has led this District Court to adopt LR 10.1, which requires responsive pleadings to precede each answering paragraph with the corresponding allegations of the complaint.

3